UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLANDO PENATE,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ANNE KACZMAREK, KRIS FOSTER, RANDALL RAVITZ, JOSEPH BALLOU, ROBERT IRWIN, RANDY THOMAS, SONJA FARAK, SHARON SALEM, JAMES HANCHETT, JULIE NASSIF, LINDA HAN, ESTATE OF KEVIN BURNHAM, STEVEN KENT, JOHN WADLEGGER, GREGG BIGDA, EDWARD KALISH, and CITY OF SPRINGFIELD<br><br>　　　　　　　Defendants. | CIVIL ACTION<br>NO. 3:17-cv-30119-KAR |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS BY LINDA HAN, JULIE NASSIF, JAMES HANCHETT, AND SHARON SALEM**

Defendants Linda Han, Julie Nassif, James Hanchett, and Sharon Salem ("the DPH Defendants") respectfully submit this memorandum of law in support of their motion to strike all 32 exhibits that Plaintiff Rolando Penate attached to his opposition to the DPH Defendants' motion to dismiss, as well as all portions of Penate's opposition brief that rely on these documents extrinsic to his Complaint. Although Penate's Complaint is 57 pages long and contains 464 numbered paragraphs, the Complaint contains only conclusory allegations that the DPH Defendants had knowledge of Sonja Farak's alleged misconduct, including her withholding of evidence of her abuse of mind-altering drugs while performing chemical testing on drug evidence seized from Penate. Similarly, the Complaint contains no non-conclusory allegations that the DPH Defendants encouraged, condoned, or acquiesced in Farak's alleged constitutional

1

violation. Accordingly, the DPH Defendants moved to dismiss the Section 1983 claim on multiple grounds. First, as the result of the confirmatory retest of Penate's drug evidence, Penate cannot demonstrate that Farak's alleged withholding of evidence was material or caused him to be convicted. Second, Penate fails to plausibly allege a supervisory liability claim against the DPH Defendants because he cannot demonstrate their knowledge of Farak's alleged constitutional violation or that their actions led inexorably to that violation. Third, they are entitled to qualified immunity from Penate's. The DPH Defendants also moved to dismiss the intentional infliction of emotional distress claim because Penate fails to state a plausible tort claim against them.

In opposition to the DPH Defendants' motion to dismiss, Penate, in a transparent and wholly improper attempt to salvage his Section 1983 claim with new allegations that he did not plead in his Complaint, appended 32 exhibits (totaling 1,219 pages) to his brief. These exhibits, which include e-mails, summary reports, notes, and transcripts of testimony and hearings, among other things, are nowhere referenced in the Complaint.[1] Without first seeking leave of Court to amend his Complaint, Penate has sought to expand dramatically his pleadings by augmenting the record after the DPH Defendants already moved to dismiss Penate's lengthy Complaint. Penate's tactic – introducing documents nowhere in the Complaint that are replete with new allegations – is both impermissible under the rules of civil procedure and unfairly prejudicial to the DPH Defendants. As a result, the exhibits and those portions of his opposition that rely on them should be stricken.

---

[1] The only exhibits that appear to have been referenced in the Complaint are the so-called Mental Health Worksheets (Exhibits 11 and 19), but these documents barely feature in Penate's opposition brief, garnering a single citation each.

To survive a motion to dismiss under Rule 12(b)(6), Penate's complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The grounds of entitlement to relief set forth in the complaint must constitute "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In evaluating the DPH Defendants' motion to dismiss, the Court must assume the truth of "all well-plead[ed] facts," and consider documents referenced in the complaint, but conclusory allegations or "naked assertion[s]" devoid of "further factual enhancement" should be disregarded, as should legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678-86 (2009). Thus, Penate must do more than demonstrate "a sheer possibility that a defendant has acted unlawfully." Id. at 678 (internal quotations omitted). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotation marks and original alterations omitted).

A plaintiff cannot amend his pleadings through an opposition to a motion to dismiss. See McGrath v. MacDonald, 853 F. Supp. 1, 3 (D. Mass. 1994) ("complaint may not be amended by the opposition briefs; on a motion to dismiss, consideration is limited to the pleadings") (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)). New factual allegations can only be made in an amended complaint. What a plaintiff may not do is force a defendant to respond to allegations contained in a complaint, then, in opposition to a motion to dismiss, append a stack of new documents that are not referenced in the complaint in order to introduce new factual allegations.

In deciding a Rule 12(b)(6) motion, a court is generally limited to "the allegations contained within the four corners of the plaintiff's complaint." Young v. Lepone, 305 F.3d 1, 10-11 (1st Cir. 2002); Freeman v. Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013) ("On a

3

motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto."). A court may, however, consider documents "outside of the pleadings where they are undisputed, central to plaintiffs' claims, and sufficiently referred to in the complaint or incorporated into the movant's pleadings." Gilmore v. Citigroup, Inc. (In re Citigroup, Inc.), 535 F.3d 45, 52 (1st Cir. 2008); see also Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (explaining the "narrow exceptions" permitting the Court to consider some extrinsic documents on a motion to dismiss).[2] Accordingly, a plaintiff may not introduce or rely on extrinsic documents outside of the pleadings in opposing a motion to dismiss. See Wright v. Town of Southbridge, No. CIV A 07-40305-FDS, 2009 WL 415506, at *8 (D. Mass. Jan. 15, 2009).

Application of this rule requires courts to strike or refuse to consider additional materials that were not pled in a complaint. See Penney v. Deutsche Bank Nat'l Tr. Co., No. 16-CV-10482-ADB, 2017 WL 1015002, at *3 (D. Mass. Mar. 15, 2017) (striking affidavit tendered in opposition to motion to dismiss because it "touches on many of the allegations from the Complaint and effectively functions as an amendment to the Complaint"); Metro. Prop. & Cas. Ins. Co. v. Savin Hill Family Chiropractic, Inc., 322 F.R.D. 151, 155 (D. Mass. 2017) (striking brief excerpts of witness testimony and an expert's written report tendered in opposition to motion to dismiss); Wright, 2009 WL 415506, at *8 (striking a state court order, newspaper articles, photographs, medical records, and letters); McGrath, 853 F. Supp. at 3 (refusing to

---

[2] In his opposition to the DPH Defendants' motion to dismiss (Op. at 2), Plaintiff contends that he can supplement his Complaint with extrinsic documents where authenticity is not in dispute, such as in official public records. That is true as far as it goes, but not as far as Penate intends. For example, appending hundreds of pages of hearing transcripts may be considered for the fact that certain hearings occurred or that certain witnesses testified, but not for the adjudicative facts contained therein. See Fed. R. Ev. 201. In other words, Penate is not able to import all of the testimony from those transcripts into his Complaint in opposition to a motion to dismiss.

consider references to a document in plaintiff's opposition not cited in the complaint because it was improper for the court to consider the document on a motion to dismiss).

Here, Penate's proffered exhibits – except for Exhibits 11 and 19 – are not referenced in his Complaint. The e-mails, notes, transcripts, reports, and assorted documents that are appended to Penate's opposition brief are nowhere mentioned within the four corners of Penate's complaint. Accordingly, they cannot be considered as part of the Complaint in opposition to the DPH Defendants' motion to dismiss. Nor are these documents the types of "public records" that are "susceptible to judicial notice" such that they are properly before this Court on a motion to dismiss. Freeman, 714 F.3d at 36-37 (rejecting "the expansive view that any document held in a public repository falls within the category of extrinsic materials that may be considered"). In short, Penate's attempt to introduce these documents – documents that contain new allegations far beyond the four corners the Complaint – in an effort to defeat a motion to dismiss must be rejected. The Court cannot permit Penate to amend his Complaint through opposition briefing, depriving the DPH Defendants of the opportunity to respond to these new allegations in their motion to dismiss.

Accordingly, the Court should strike these 32 exhibits from the record, as well as all portions of Penate's opposition to the DPH Defendants' motion to dismiss that rely on these 32 exhibits.

Respectfully submitted,

Defendant,

LINDA HAN, JULIE NASSIF, JAMES
HANCHETT, and SHARON SALEM
By their attorneys,

MAURA HEALEY,
ATTORNEY GENERAL

/s/ Joshua D. Jacobson
Joshua D. Jacobson (BBO# 673102)
Adam Hornstine (BBO# 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2048
joshua.jacobson@state.ma.us
adam.hornstine@state.ma.us

Date: April 6, 2018

## CERTIFICATE OF SERVICE

I, Joshua D. Jacobson, Assistant Attorney General, hereby certify that I have this day, April 6, 2018, served the foregoing **Memorandum**, upon all parties, by electronically filing to all ECF registered parties, and paper copies will be sent to those indicated as non-registered ECF participants.

/s/ Joshua D. Jacobson
Joshua D. Jacobson