# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

ROLANDO PENATE,

                Plaintiff,

        v.

ANNE KACZMAREK, KRIS FOSTER,
RANDALL RAVITZ, JOSEPH BALLOU,
ROBERT IRWIN, RANDY THOMAS, SONJA
FARAK, SHARON SALEM, JAMES
HANCHETT, JULIE NASSIF, LINDA HAN,
ESTATE OF KEVIN BURNHAM, STEVEN
KENT, JOHN WADLEGGER, GREGG BIGDA,
EDWARD KALISH, and CITY OF SPRINGFIELD

                Defendants.

CIVIL ACTION
NO. 3:17-cv-30119-KAR

Leave to file granted on
April 9, 2018

---

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## BY LINDA HAN, JULIE NASSIF, JAMES HANCHETT, AND SHARON SALEM

MAURA HEALEY,
ATTORNEY GENERAL

Joshua D. Jacobson (BBO# 673102)
Adam Hornstine (BBO# 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2048
joshua.jacobson@state.ma.us
adam.hornstine@state.ma.us

Dated:  April 9, 2018

## <u>TABLE OF CONTENTS</u>

I.      PLAINTIFF'S COMPLAINT DOES NOT STATE A PLAUSIBLE SECTION 1983 CLAIM AGAINST THE DPH DEFENDANTS, AND HIS IMPROPERLY APPENDED EXHIBITS DO NOT REMEDY HIS PLEADING FAILURES. ......................................1

II.     THE DPH DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ..................6

III.    PENATE CANNOT DEFEND HIS CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. ..............................................................................................7

        CONCLUSION ............................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

Ashcroft v. al-Kidd, 563 U.S. 731 (2011).........................................................................7

Ashcroft v. Iqbal, 556 U.S. 662, (2009)...........................................................................5

Crafton v. Dist. of Columbia, 132 F. Supp. 3d 1 (D.D.C. 2015) .....................................2

Drumgold v. Callahan, 707 F.3d 28 (1st Cir. 2013); ...................................................2, 3

Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527 (1st Cir. 2011) .........................5

Hegarty v. Somerset Cnty., 53 F.3d 1367 (1st Cir. 1995) ...............................................6

Johnson v. Han, No. 14-cv-13274-IT (Jul. 17, 2015) ......................................................7

Jones v. Han, 993 F. Supp. 2d 57 (2014).......................................................................7, 8

Kisela v. Hughes, No. 17-467, --- U.S. ---, 2018 WL 1568126 (Apr. 2, 2018)...............7

Langella v. Cercone, Civ. A. No. 09-312, 2010 WL 2402940 (W.D. Pa. June 10, 2010) .............9

Lipsett v. Univ. of P.R., 864 F.2d 881 (1st Cir. 1988) ....................................................5

Massachusetts Mut. Life Ins. Co. v. Residential Funding Co., LLC, 843 F. Supp. 2d 191 (D. Mass. 2012)..................................................................................................................9

Mowbray v. Cameron Cty., 274 F.3d 269 (5th Cir. 2001) ...............................................8

Solomon v. Dookhan, No. 13-cv-10208-GAO, 2014 WL 317202 (D. Mass. Jan. 27, 2014).........7

United States v. Agurs, 427 U.S. 97 (1976).....................................................................3

United States v. Bagley, 473 U.S. 667 (1985 .................................................................3

United States v. Brown, No. 08-10050-GAO, 2015 WL 1268159 (D. Mass. Mar. 19, 2015) .......3

United States v. Rodella, No. CR 14-2783 JB, 2015 WL 711931 (D.N.M. Feb. 2, 2015).............3

Villasana v. Wilhoit, 368 F.3d 976 (8th Cir. 2004) .........................................................8

Wright v. Town of Southbridge, No. CIV A 07-40305-FDS, 2009 WL 415506 (D. Mass. Jan. 15, 2009) ...............................................................................................................................2

Defendants Linda Han, Julie Nassif, James Hanchett, and Sharon Salem ("the DPH Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the two claims against them by plaintiff Rolando Penate.  In opposing the DPH Defendants' motion to dismiss, Penate mischaracterizes the standards that govern this motion, misstates the allegations in his own Complaint, and introduces 32 exhibits extrinsic to the Complaint in order to distract the Court from his failure to plausibly allege facts that any of the DPH Defendants had knowledge of Farak's misconduct, or that they took any affirmative steps to encourage, condone, or acquiesce in her alleged constitutional violation.  Indeed, as set forth in their opening brief, the confirmatory retesting of Penate's drug evidence prevents Penate from establishing that Farak's alleged withholding of evidence was material or caused him to be convicted.  Moreover, Penate fails to plausibly allege a supervisory liability claim against the DPH Defendants because he cannot demonstrate that they knew of Farak's alleged constitutional violation or that their actions inexorably led to that violation.  Even if Penate had stated a claim, the DPH Defendants are entitled to qualified immunity.  Finally, Penate's claim for intentional infliction of emotional distress must also be dismissed; Penate merely repeats the elements of such a claim in his opposition without any legal analysis.  Accordingly, the DPH Defendants should be dismissed as defendants.

## I.     THE COMPLAINT DOES NOT STATE A PLAUSIBLE SECTION 1983 CLAIM AGAINST THE DPH DEFENDANTS AND PENATE'S RELIANCE ON IMPROPERLY APPENDED EXHIBITS UNDERSCORES HIS PLEADING DEFICIENCIES.

In a transparent and wholly improper attempt to salvage his Section 1983 claim, which contained no well-pleaded allegations stating a plausible claim for relief against the DPH Defendants, Penate attaches 32 new exhibits (comprised of 1,219 pages) to his opposition brief.

1

Penate's opposition essentially ignores his Complaint and relies almost exclusively on these exhibits to assert a variety of new facts in the 32-page "Factual Background" presented in his opposition brief.  These exhibits are the subject of the DPH Defendants' motion to strike, which is being filed at the same time as this brief.  See Wright v. Town of Southbridge, No. CIV A 07-40305-FDS, 2009 WL 415506, at *8 (D. Mass. Jan. 15, 2009) (striking extrinsic documents outside of the pleadings, which plaintiff filed in opposing a motion to dismiss).

Even if the Court were to consider these materials, which are outside of the pleadings, they do not change the conclusions that Penate does not and cannot (1) allege causation and prejudice from any Brady violation because he was convicted after evidence of a second drug retest was presented at his trial, or (2) allege facts that satisfy the demanding standard for supervisory liability under Section 1983, including that the DPH Defendants had notice of Farak's alleged Brady violation or that there was an affirmative causal link between the DPH Defendants' alleged conduct and the alleged Brady violation.

First, Penate cannot overcome his failure to plead that he would not have been convicted but for the allegedly withheld evidence, a prerequisite for pleading a civil Brady claim.  See Drumgold v. Callahan, 707 F.3d 28, 49 (1st Cir. 2013); Crafton v. Dist. of Columbia, 132 F. Supp. 3d 1, 7 (D.D.C. 2015) (dismissing claim where plaintiff "cannot allege, as all Brady claims require, that the wrongful withholding of evidence resulted in prejudice at trial").  He relies on an overruled Supreme Court criminal law case to obscure the materiality and causation deficiencies of his claim.[1]

---

[1]    Penate relies on United States v. Agurs, 427 U.S. 97, 112 (1976).  This case was overruled by United States v. Bagley, 473 U.S. 667 (1985), which determined that Brady only requires the government to disclose information "material either to guilt or punishment." Id. at 669; see also United States v. Rodella, No. CR 14-2783 JB, 2015 WL 711931, at *25 (D.N.M. Feb. 2, 2015) (recognizing that Agurs was overruled by Bagley).  In a civil lawsuit, as the First Circuit has made clear, the question is whether, under the preponderance of the evidence standard, the plaintiff can show that the withheld information was material and that there was a

Applying the proper materiality and causation standard in a civil case, see Drumgold, 707 F.3d at 48-49 & n.13, it is clear that Penate does not (and cannot) plausibly allege that he would not have been convicted but for the alleged withholding of evidence.  While the drugs sold by Penate were initially tested by Farak, the drugs were later independently retested and determined to contain heroin.  Tellingly, Penate does not plead that the substance contained something else.  The jury in Penate's criminal case was told that Farak would not testify and that no testimony would be offered concerning the results of her tests.  The jury convicted Penate anyway.  The retest by a different, competent chemist obviated any potential prejudice to Penate.  See United States v. Brown, No. 08-10050-GAO, 2015 WL 1268159, at *4 (D. Mass. Mar. 19, 2015) (concluding there was no reasonable probability that the defendant's trial would have ended differently had the lab chemist's misconduct been disclosed).

In order to evade the legal consequences of this independent retest and obscure the appropriate legal standards governing materiality and causation, Penate relies on a series of speculative arguments that are not grounded in or supported by the allegations in his own Complaint. He first speculates that the prosecutors at the Hampden County District Attorney's Office may not have pursued the case against him had it known about Farak's misconduct notwithstanding the retest, but this conjecture is undercut by Penate's allegation that the prosecutors doggedly pursued this criminal case, sought the retest, and withdrew Farak's testing evidence from the jury trial. Moreover, Plaintiff's suggestion that the ultimate vacating of his conviction demonstrates materiality and causation is belied both by legal doctrine and the very arguments that Plaintiff's counsel urged in seeking dismissal of the criminal case below.  Plaintiff's counsel argued that the criminal court

---

causal link between the alleged Brady violation and his conviction, i.e., that the trial's outcome would have been different.  See Drumgold, 707 F.3d at 48-49 & n.13.  Because Penate does not plausibly allege those requirements here, his claim must be dismissed.

did not need to find that Penate was prejudiced by the withholding of Farak impeachment evidence because the court could dismiss the case in order to create a prophylactic against government misconduct.  (Op. at Ex. 4, pp. 20-22 (Oct. 2, 2013 Hearing Transcript).  Having expressly invited the criminal court to dismiss even without a showing of prejudice – and after the court subsequently took him up on this very suggestion in <u>Cotto</u> – Penate cannot now contend that that court necessarily determined he was prejudiced, demonstrating causation and materiality.

Plaintiff's final response to the independent retest evidence is that "the DPH Defendants take it for granted" that the retest was of the same evidence seized from Penate.  It is, though, Penate's burden to affirmatively and plausibly allege each element of his <u>Brady</u> claim, including with respect to materiality and causation, but this he has not (and cannot) do.  Pointedly, Plaintiff does not cite to any allegation in his Complaint that Farak introduced heroin into the evidence seized from Penate. Instead, Plaintiff cites to an allegation that Salem did not ensure that all samples retrieved by the Springfield Police Department were contained in heat-sealed plastic bags (Compl. ¶¶ 154-55) and that when retrieved, the evidence did not include what had been an empty packet with the word, "Moonwalk," on it (<u>Id</u>. ¶¶ 156-59).  Nowhere in the Complaint, however, has Plaintiff alleged that Farak caused the evidence seized from him to test positive for heroin.  As a result, the fact of the positive retest makes impossible Penate's pleading that he would not have been convicted but for Farak's alleged withholding of evidence.

<u>Second</u>, neither the Complaint nor the 32 exhibits attached to Penate's opposition demonstrate that the DPH Defendants violated the Constitution through their "own individual actions."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).  Penate effectively concedes, even with the aid of 32 extrinsic exhibits, that none of the DPH Defendants had actual notice of Farak's alleged <u>Brady</u> violation.  Instead, he contends merely that they had "constructive knowledge of the risk Farak posed to Plaintiff."  Opp. at 38.  Even if Penate could substantiate this contention through

4

citation to facts pleaded in the Complaint (he cannot), much more is required to establish a claim under Section 1983.  As set forth at Br. at 10-13, a plaintiff must establish a supervisor's notice of the specific alleged violation on which supervisory liability is based, Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 535-36 (1st Cir. 2011), because "one cannot make a deliberate conscious choice to act or not to act unless confronted with a problem that requires the taking of affirmative steps," Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1988).

In his opposition, Penate does not defend his failure to allege plausibly that the DPH Defendants knew that Farak was abusing mind-altering drugs while performing chemical testing in connection with the prosecution of Penate (or anyone else), or that they knew that Farak was withholding exculpatory information about her drug-induced impairment.  Instead, Penate contends in his brief – without citation to his Complaint – that Nassif relaxed oversight of the lab, Hanchett did not document performance deficiencies, and Salem adjusted records of sample weights (which allegation appears nowhere in the Complaint); he has nothing to say about Han at all.   Even if pleaded, these conclusory allegations would not establish the DPH Defendants' knowledge of Farak's alleged Brady violation.  Penate also describes certain physical effects of Farak's drug use, see, e.g., Opp. at 40 (stating that Farak's "pupils became perpetually dilated"), but, again, none of those facts are actually pleaded in the Complaint, and they in fact contradict Penate's own allegations that Farak intentionally deceived her supervisors and was careful to hide her drug abuse, see, e.g., Compl. ¶¶ 83-87, 91, 131.  Penate's extraneous exhibits and rhetoric are unmoored from what he actually alleges in the Complaint and wholly inadequate to establish the DPH Defendants' knowledge of Farak's alleged withholding of exculpatory evidence about her abuse of mind-altering drugs while handling evidence.

Penate similarly fails to show that the DPH Defendants' conduct "led inexorably to the constitutional violation," as is required to establish supervisory liability under Section 1983.

Hegarty v. Somerset Cnty., 53 F.3d 1367, 1380 (1st Cir. 1995); and discussed at Br. at 13-16.  The

Complaint does not contain factual allegations substantiating an affirmative link between any of the

DPH Defendants' conduct and Farak's alleged Brady violation.  Penate's only response is to

speculate that "installing cameras" or making Farak use a "swipe card" would have hampered her

drug abuse, see Opp. at 41, but neither of those security measures is even mentioned in the

Complaint, and in any event it defies logic to contend that their absence was the "inexorable" cause

of Farak's alleged abuse of mind-altering drugs while handling evidence and failure to disclose that

abuse to criminal defendants.  Penate's failure to allege a causal link between the DPH Defendants'

conduct and Farak's alleged constitutional violation is another reason why his supervisory liability

claim must be dismissed.

## II.      THE DPH DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Penate's claim against the DPH Defendants must also be dismissed under the doctrine of

qualified immunity because they did not violate a "clearly established" constitutional right "of

which a reasonable person would have known."  See Kisela v. Hughes, No. 17-467, --- U.S. ---,

2018 WL 1568126, at *2 (Apr. 2, 2018) (citation omitted).  Penate's opposition incorrectly

presumes that unrelated district court decisions in cases concerning former state chemist Annie

Dookhan and the operation of a different laboratory are controlling precedent that the DPH

Defendants violated, through supervisory liability, Penate's constitutional right under Brady.

Opp. at 41 (citing Jones v. Han, 993 F. Supp. 2d 57 (2014); Solomon v. Dookhan, No. 13-cv-

10208-GAO, 2014 WL 317202 (D. Mass. Jan. 27, 2014); Johnson v. Han, No. 14-cv-13274-IT

(Jul. 17, 2015)).  First, each of those rulings was issued after the key events in this case – i.e.,

December 2011 and January 2012 – so they cannot possible serve as "clearly established" law

for purposes of this case.  See, e.g., Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (stating that

right must be clearly established "at the time of the challenged conduct") (citation omitted)

Second, Hanchett and Salem were not even defendants in those cases and so those decisions are not at all relevant to these two defendants.  With respect to Han and Nassif, the decisions in those cases concerned a distinct factual scenario from that at issue here: Annie Dookhan and the operation of a different laboratory, not management of Farak and the Amherst laboratory.  Third, as discussed at Br. at 11 n.5, <u>Jones</u> (and the two additional cases cited in opposition) concerned both direct and supervisory liability claims, which were allowed to proceed after dismissal because of several "red flags" concerning Dookhan's testing activity, including (1) reports that Dookhan was forging quality-control tests and not performing all required tests on her samples, (2) Dookhan claimed to be testing as many as five times as many samples as her colleagues, and (3) Dookhan was using contradictory versions of her resume. <u>Jones</u>, 993 F. Supp. 2d at 63.  Here, Penate has not even attempted to allege a direct claim against any of the DPH Defendants.  Nor does he plausibly allege any comparable "red flags" of which the DPH Defendants were aware concerning Farak's drug abuse and impairment while testing evidence that were purportedly required under <u>Brady</u> to be disclosed to Penate.

Moreover, the assumption or determination in each of those three cases that it was clearly established that certain lab supervisors were obligated under <u>Brady</u> to disclose Dookhan's misconduct is unsupported by First Circuit precedent and contrary to the rulings of other circuits. See, e.g., <u>Villasana v. Wilhoit</u>, 368 F.3d 976, 979-80 (8th Cir. 2004); <u>Mowbray v. Cameron Cty.</u>, 274 F.3d 269, 278 (5th Cir. 2001).  As a result, the three cases Penate cites have no bearing on the DPH Defendants' entitlement to qualified immunity.

### III.   PENATE CANNOT DEFEND HIS CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The remaining claim against the DPH Defendants alleging intentional infliction of emotional distress should also be dismissed for the reasons set forth in the DPH Defendants'

opening brief.  Penate does not respond to any of these arguments in his opposition, but merely recites the elements of a claim, and cites to his briefing in response to motions by other, unrelated defendants.[2]  See Op. at 41-2.  Penate having offered no opposition, the Court should dismiss this claim against the DPH Defendants.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in their opening brief, Linda Han, Julie Nassif, James Hanchett, and Sharon Salem respectfully request that the Court dismiss all claims in the Complaint against them and enter judgment in their favor.

Defendants,

LINDA HAN, JULIE NASSIF, JAMES HANCHETT, and SHARON SALEM

By their attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Joshua D. Jacobson
Joshua D. Jacobson (BBO# 673102)
Adam Hornstine (BBO# 666296)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617-963-2048
joshua.jacobson@state.ma.us
adam.hornstine@state.ma.us

---

[2]    Penate's tactic of citing to briefing on unrelated motions is impermissible because it is not the responsibility of the Court or opposing counsel to "search another party's motion to determine which, if any, of the arguments set forth in said motion are applicable to a different defendant."  Mass. Mut. Life Ins. Co. v. Residential Funding Co., LLC, 843 F. Supp. 2d 191, 215 (D. Mass. 2012) (citation omitted); Langella v. Cercone, Civ. A. No. 09-312, 2010 WL 2402940, at *6 n.1 (W.D. Pa. June 10, 2010) ("[Fed. R. Civ. P. 10(c)] does not provide a legal mechanism whereby a court should consider legal arguments raised in another party's motion to dismiss....").

## <u>CERTIFICATE OF SERVICE</u>

   I, Joshua D. Jacobson, Assistant Attorney General, hereby certify that I have this day, April 9, 2018, served the foregoing **Memorandum**, upon all parties, by electronically filing to all ECF registered parties, and paper copies will be sent to those indicated as non-registered ECF participants.

         /s/ Joshua D. Jacobson
         Joshua D. Jacobson