UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Rolando Penate
                    )
        Plaintiff               )
                        )
                        )     CA No.:3:17-cv-30119-KAR
v.                         )
                        )     LEAVE TO FILE GRANTED ON 5/11/2018
Anne Kaczmarek et al.        )
        Defendants       )

### Defendant, Sonja Farak's, Reply to Plaintiff's Opposition to her Rule 12(b)(6) Motion

       The plaintiff's opposition does not give this Court any reasons to deny Ms. Farak's motion to dismiss the claims against her - Counts I and VIII.

       Plaintiff relies, in part,  on the case of Jones v. Han, 993 F.Supp. 2d 57 (D. Mass. 2014). That reliance is misplaced and the case is distinguishable on several grounds.  First, the drug lab chemist at issue in Jones v. Han, Annie Dookhan, was not a party.  Jones, who had been convicted of distribution of crack cocaine, sued Dookhan's supervisors,  Linda Han, Julie Nassif and Charles Salemi, for civil rights violations under 42 U.S.C. § 1983.[1]  Any *dicta* by the Jones court relates  to the parties only. The case itself has no precedential value.

       Second, Annie Dookhan's misconduct in the Hinton Lab was of an entirely different nature than Ms. Farak's conduct in the Amherst Lab.  Dookhan admitted to: falsifying positive results by intentionally contaminating samples with narcotics if initial tests showed they were not narcotics; to dry-labbing (determining what a substance is by just looking at it instead of chemically analyzing it); to forging the signatures of other chemists  and the initials of the evidence officer; forging quality assurance documents; and lying under oath.   In short, she

---

[1] Han and Nassif are also defendants in the instant litigation.  In the Jones case, their motions to dismiss were denied.

fabricated evidence and committed fraud upon the court.  Ms. Farak, on the other hand, was a drug addict who used the lab as a source of drugs for her consumption.  The complaint is devoid of any allegations that Ms. Farak engaged in the type of conduct that Dookhan admitted.  Judge Carey noted this distinction when he found that "[i]n a sense, the Dookhan cases are principally evidence tampering cases, whereas the Farak cases are principally drug theft cases . . ." Commonwealth v. Erick Cotto et al., Hampden Superior Court, Indictment No. 2007-770, Memorandum of Decision, pg. 19.[2]

Plaintiff's Opposition is an attempt to save his claims against Farak by making a muddle of arguments.  His assertion that Ms. Farak "chose to conceal [inculpatory and exculpatory] information by invoking her constitutional right against self-incrimination" appears nowhere in the complaint, it is not true and thus should be disregarded by this Court.[3]  Likewise, paragraphs 160-162, do not allege a "long-standing evidence tampering scheme." Lastly, paragraph 239 of the complaint does not allege that Ms. Farak admitted to "receiving  a copy of the worksheets". This would have been an  impossibility since the worksheets *were seized from her car* by the MSP defendants and turned over to the AGO defendants. [4]   Complaint, ¶¶ 201-204.

The defendant, Sonja Farak, respectfully submits that the constitutional claim against her, Count I, should be dismissed and she should be dismissed from Count VIII, (intentional infliction of emotional distress.

---

[2] Judge Carey's decision is cited in the Complaint,  paragraphs 394 – 396, and was attached several times as an exhibit to both the plaintiff's and other defendants' filings.  See e.g., Dkt 96, Exhibit A;  Dkt. 105, Exh. 1;

[3] This allegation that Farak asserted her fifth amendment right is particularly inappropriate because plaintiff has told this Court that Farak testified in front of a grand jury and plaintiff even submitted a transcript of Farak's testimony to this Court. Dkt.123, pg. 3;  Dkt 105, Exh. 20.

[4]  Paragraph 239 merely recounts a statement allegedly made by Kaczmarek to Farak's attorney.  The statement, if it was made, would be double hearsay, Farak never heard it and she was answering the complaint without the benefit of an attorney.

Defendant, Sonja Farak
By her attorney,

*/S/ Susan Sachs*

_____
Susan Sachs, BBO #551206
75 Market Place
Springfield, MA 01103
413.732.0035; 413.733-9888 fax
attysusansachs@gmail.com

CERTIFICATE OF SERVICE

I, Susan Sachs, certify that on May 16, 2018, I electronically filed the Defendant's Reply
to the Plaintiff's Opposition to her Rule 12(b)(6) Motion by using the CM/ECF system which
will send notification of said filing to the attorneys of record.

*/S/ Susan Sachs*

_____
Susan Sachs, Esq.