UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROLANDO PENATE,

Plaintiff,

v.

ANNE KACZMAREK, ET AL.,

Defendants.

CIVIL ACTION
NO. 17-30119-KAR

## [PROPOSED] PROTECTIVE ORDER FOR SUBPOENAED MATERIALS

1.  **Scope.**  This Protective Order applies to all documents or materials produced by the Attorney General's Office (the "AGO") in response to a Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action (the "subpoena"), issued on January 13, 2020.  All documents and materials produced by the AGO shall be Bates-stamped in the format of AG0000001, et seq. Documents and materials Bates-stamped in the format of AG0000001, et seq., and also marked "CONFIDENTIAL" shall be considered "Confidential Documents and Materials."

2.  **General Protection.**  Neither the plaintiff nor his counsel, the defendants nor their counsel, nor anyone employed or retained by them or acting as their agent (collectively, "the parties"), shall disclose any dates of birth, telephone numbers, bank account numbers, names of minor children, or social security numbers that appear in documents produced pursuant to the subpoena, except to the extent such disclosure is consistent with this Order, is in accordance with Local Rules, or is made in connection with the investigation, preparation, litigation, trial, or appeal of the above-captioned civil action.

3. **Specific Protections.**

   a. **Criminal Offender Record Information.**  The AGO shall produce responsive Criminal Offender Record Information (CORI), unless the AGO seeks to withhold such material in whole or in part on the basis of another applicable privilege or protection.  The parties shall not further disclose or disseminate any CORI except in connection with the investigation, preparation, litigation, trial, or appeal of the above-captioned action.

   b. **Witness Statements.**  The parties shall not disclose the contents of any witness statements or reports of witness interviews except in connection with the investigation, preparation, litigation, trial, or appeal of the above-captioned civil action.

   c. **Confidential Documents and Materials.**  The parties shall not disclose Confidential Documents and Materials, as defined in paragraph 1 of this Order, except in connection with the investigation, preparation, litigation, trial, or appeal of the above-captioned civil action.

   d. **Documents or Information already in Possession of a Party.**  The provisions of this protective order do not apply to documents or information already in the possession of the plaintiff or his counsel, or the defendants or their counsel, or that are in the public domain.

4. **Modifications of this Protective Order.**

   a. **By the Court.** This Protective Order shall be subject to modification by the Court on its own motion.

   b. **By the Parties.** If the plaintiff, the defendants, or the AGO concludes that the terms of this Protective Order should be modified, or that a particular document or

item should not be subject to this Protective Order, counsel shall confer in good faith to determine whether they can agree upon such modification, or such removal of a particular document or item from the provisions of this Protective Order.  If agreement is reached, the party seeking the modification or removal of the protection for a document or item shall submit an agreed-upon, Amended Protective Order to the Court for approval.  If no agreement can be reached, the party seeking the modification or removal from protection shall file a motion for modification with the Court.  The motion and any objection or response shall be governed by Local Rule 7.1.

5.     **Persons Bound.**  This Protective Order shall take effect when entered and shall be binding upon the AGO and its counsel, the plaintiff and his counsel, the defendants and their counsel, and any persons who may be made subject to its terms.  The parties shall provide a copy of this Protective Order to anyone to whom they disseminate documents or materials that are subject to this Protective Order.

6.     **Protective Order Does Not Waive Certain Objections.**  Nothing in this Protective Order shall constitute a waiver of the right to assert any privileges, protections, or objections with respect to the subpoena issued to the AGO on January 13, 2020, or to any additional subpoenas or requests for documents or other materials that the AGO may receive.

7.     **Obligations on Conclusion of Litigation.**  Except by Court order or by agreement of the plaintiff, the defendants, and the AGO, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**So Ordered.**

3

_____
United States Magistrate Judge

4